UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE NUTMEG COMPANIES, INC. | : | CIVIL ACTION NO.: |
| **Plaintiff** | : | 303 CV 0615 (MRK) |
| | : | |
| VS. | : | |
| | : | |
| JCM ASSOCIATES | : | MARCH 15, 2004 |
| **Defendant** | : | |
| | : | |

**NUTMEG COMPANIES' RESPONSE TO JCM**
**REPLY TO NUTMEG'S MEMORANDUM OF LAW**

     Nutmeg Companies, Inc. ("Nutmeg") responds to the Reply filed by JCM Associates, Inc.

("JCM") to Nutmeg's Memorandum of Law in Support of Application to Vacate Arbitration

Award.  In anticipation of oral argument scheduled for April 1, Nutmeg will take this opportunity

to address certain issues discussed or positions taken by JCM in its Reply.

Background

     Nutmeg has brought this Application to Vacate as to those portions of the award

pertaining to the award of additional bond costs and extended home office overhead.  From its

Memorandum, evidently JCM does not take issue with the facts as presented by Nutmeg.  JCM

offers no statement of facts with its Memorandum, additional portions of the transcript, nor any

additional exhibits.  It relies on the scope of the Court's review of the Award and a change in its

theory on the award of extended home office overhead, also known as delay damages.

The parties do not dispute the standard of review applicable to arbitration cases within

this circuit, although they cite different cases, with the Court referencing a case neither party had

cited, The GMS Group, LLC v. Benderson, 326 F.3d 75 (2nd Cir. 2003).  While the parties have

relied on different decisions, the law in this circuit has remained substantially the same as

Halligan v. Piper Jaffray, Inc., 148 F.3d 197 (2d. Cir. 1998), cited by Nutmeg.  "Lastly, in the

intervening period since our decisions in *DiRussa* and *Halligan*, we have continued to apply the

same manifest disregard standard that pre-dated those decisions."  The GMS Group, LLC v.

Benderson, *supra*. at 79.

JCM Misconstrues Nutmeg's Argument Regarding Bond Costs

Nutmeg made two points in its Memorandum regarding the bond cost claim.  Nutmeg's

first point was that the basis of its claim for recovery of bond costs at the hearing was not the

same claim that was alleged in its Second Demand for Arbitration.  At the hearing it made a

claim based upon the amount carried in its bid versus the total amount expended.  The second

point was that, on the basis of the allowable percentage of bond cost (1% per contract), and based

upon arbitrator's award of additional compensation, JCM was entitled to $548.28.

- 2 -

Nutmeg claimed that there was no evidence in the record to support the extra amount spent for bond costs, and that on a percentage basis, there was a miscalculation by the arbitrator. Nutmeg claims that where an award has been based upon a precise calculation, the Court can refer the matter back to the arbitrator for a recalculation of the amount of the award, citing to Conntech Development Company v. University of Connecticut Education Properties, Inc., 102 F. 3d. 677 (2d Cir. 1996). Alternatively, Nutmeg believes that where there has been a manifest disregard of the evidence, that this Court can vacate an award within the existing "manifest disregard" standard. In this case it is particularly applicable, since JCM never provided the evidence of the expenditure requested by the arbitrator and promised by JCM. Contrary to JCM's representation in its Reply Memorandum, there was no business record upon which the Arbitration could rely, since the Arbitrator asked for the receipt to back up the claimed expenditure in its job detail report. Not having received the confirming evidence, there could be no basis for the award.

Eichleay Remains Applicable To This Case

Curiously, JCM argues in its Reply Memorandum that because this case was not one against the Government, the law applicable to extended home office overhead, the Eichleay Formula, is not applicable the facts of this case. (Reply at p. 7) This is notwithstanding that the parties agreed that Eichleay was applicable, that the Arbitrator asked for briefs on Eichleay, and

- 3 -

JCM claimed that it was entitled to an award under Eichleay.   In its Post Hearing Brief, JCM

argues that Eichleay is the only proper method of calculating its claim for extended home office

overhead.  See Pleading No. 14. at p. 16.    JCM's counsel stated in his final argument to the

Arbitrator:

> I have a little note here about the Eichleay formula; but I think I'll skip over that since we
> pretty much agree that that would be the standard.

See Tr. at 815.[1]

Not only does JCM now claim that Eichleay does not apply, it claims that even if it does

apply, that the law of Eichleay is not settled, or at least settled to the degree required for the

manifest disregard standard to have been satisfied.   Again, JCM's own Post Hearing Brief belies

this claim.  "Just recently, the Federal Circuit made a succinct summary of the current law

regarding application of the Eichleay formula."  Post Hearing Brief at p. 20.  JCM extensively

briefed the law of Eichleay and the three prong test that must be met in order for a contractor to

collect delay damages using the formula.  JCM argues in its Post Hearing Brief that it has met

those tests.  See Pleading No. 14 at pp. 20 - 22.   Nutmeg claims that JCM has failed to meet the

prong of the test requiring that the contractor be on standby during the period of delay.  JCM

---

[1]

 Since counsel did not believe that use of Eichleay was an issue, this excerpt from the transcript
was not included in Nutmeg's exhibits.  Since this issue has been raised, counsel attached this
excerpt as Exhibit "A" to this memorandum.

- 4 -

does not attempt to address that issue in its Reply Memorandum.  Evidently conceding that it has

not met the test for claiming damages under the Eichleay formula, it claims that this Court should

disregard Eichleay entirely and that its damages should be awarded according to commercial

contract law.  Reply Memorandum at p. 7.

  The commercial contract law cited by JCM is Connecticut case law.  This Project was a

federal project performed on a Federal installation in the State of Maryland.  The law applicable

to this case was not Connecticut law, but Federal law.   Had the parties not agreed to arbitrate

their disputes, JCM most certainly would have brought suit  in the United States District Court

under the Miller Act (40 U.S.C. §3131, et. seq).  Under case law extensively discussed by both

parties in their post-hearing briefs, it is clear that the Eichleay formula is the proper test for

determining entitlement to damages for delay.  There can be no question that the parties agreed

that JCM's damages for delay were to be determined under Eichleay, that the Arbitrator

recognized Eichleay as the measure of JCM's damages, that the Arbitrator was fully aware of

Eichleay, and that Eichleay was a clearly defined legal principal.   JCM does not argue that the

Arbitrator properly applied Eichleay.  The two arguments that have been made are that Eichleay

does not apply, and that if Eichleay applies, that the law of Eichleay is unsettled.

  Finally, in its Reply Memorandum, JCM has sought to change the rules under which this

Arbitration was heard and determined.   JCM cannot and should not be allowed to do that merely

- 5 -

because it has come to the realization that it did not meet its burden of proof for entitlement

under Eichleay, and that the Arbitrator has failed to follow Eichleay in rendering his decision.

Nutmeg complained during the course of the proceedings that JCM's claim was a moving target,

in that it had submitted varying claims under different theories.   In fact, the Arbitrator's

allowance of five (5) amendments to JCM's claim was an initial basis of this Application to

Vacate.  JCM's position in its Reply Memorandum is a sixth amendment to its claim.   Having

been allowed to amend its claim to make an Eichleay presentation, it now claims that Eichleay

does not apply or that the award should be confirmed on the basis of the Arbitrator's use of

Eichleay to reasonably approximate JCM's damages, although it failed to satisfy the Eichleay

test.

Conclusion

    Nutmeg believes that it has shown the Arbitrator's manifest disregard of the law and that

the Award should be vacated pursuant to the request in this Application.

               THE NUTMEG COMPANIES, INC.


By_____
    Mark E. Block for O'Brien, Shafner,
    Stuart, Kelly & Morris, P.C.
    ct 06557


- 6 -

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this

_____ day of March 2004 to the following:

Christopher M. Reeves, Esquire
Furey, Donovan, Tracy & Daly, P. C.
43 Bellevue Avenue
P. O. Box 670
Bristol, CT  06011-0670


Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 7 -

F:\USERS\BEH\NUTMEG\JCM\District Court Action\Reply to JCM Reply.wpd

claims as a matter of fact the project was delayed three hundred and six days.

JCM does not disagree with Nutmeg's claim; however, JCM's only claiming it was delayed two hundred and four days.

Nutmeg claims entitlement from the Government in its certified claim for three hundred and six days of delay. However, due to contract extensions granted to Nutmeg in change orders issued by the Government, Nutmeg only claims an additional hundred and six days.

Nutmeg did not flow any of these extensions down to JCM or even, for that matter, make JCM aware that it was getting contract extensions.

Nutmeg has made a claim against the Government for extended home office overhead. If Nutmeg certifies to the Government that it is entitled to extended home office overhead, then I think it's estopped from claiming that JCM is not so also entitled.

I have a little note here about the Eichleay formula; but I think I'll skip over that since we pretty much have agreed that that would be standard.

Premier and Siemans claims:  Premier and Siemans elected not to appear at the hearing to present testimony regarding their claims.  There is certainly nothing wrong with the submission of a claim upon the record.  The rules

EXHIBIT A